# STATE OF MICHIGAN

# COURT OF APPEALS

RONNIE DANCER and ANNETTE DANCER,

UNPUBLISHED
April 26, 2016

Plaintiff-Appellants,

v

No. 324314
Kalamazoo Circuit Court
LC No. 2012-000571-NO

CLARK CONSTRUCTION COMPANY, INC.,
and BETTER BUILT CONSTRUCTION
SERVICES, INC.,

Defendant-Appellees.

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

WILDER, J. (*dissenting*).

I respectfully dissent. Because it is undisputed that plaintiff[1] was not injured in a "common work area," as that phrase is defined by binding precedent, I would affirm the trial court's order granting summary disposition to defendants under MCR 2.116(C)(10).

There are four essential elements for a claim pursued under the common work area doctrine, "*all* of which must be satisfied": "(1) that the defendant contractor failed to take reasonable steps within its supervisory and coordinating authority (2) to guard against readily observable and avoidable dangers (3) that created a high degree of risk to a significant number of workmen (4) in a *common* work area." *Ormsby v Capital Welding, Inc*, 471 Mich 45, 57, 59 n 11; 684 NW2d 320 (2004) (second emphasis added). Citing in support *Candelaria v B C Gen Contractors, Inc*, 236 Mich App 67, 75; 600 NW2d 348 (1999), the majority notes that a common work area exists if "the employees of *two or more* subcontractors eventually work in the *same* area." (Emphases added.) Yet, after recognizing that plaintiff fell from a scaffolding at "an elevation that only he and his fellow Leidal & Hart employees reached," i.e., from an area where only employees of his *single* subcontractor worked, the majority nevertheless concludes that plaintiff was injured in a "common" work area. I disagree.

The majority's analysis conflates the third and fourth elements, treating the fourth (whether the injury occurred "in a common work area") as a sort of subset of the third (whether

---

[1] References to "plaintiff," in the singular, denote plaintiff Ronnie Dancer.

-1-

there was "a high degree of risk to a significant number of workmen"). As our Supreme Court explained in *Ormsby*, the common work area doctrine tends to yield such imprecise reasoning: "It is potentially confusing and, indeed, may have misled some courts, that a test with four elements has been referred to by only one of its elements—the 'common work area.' What is commonly referred to as the 'common work area doctrine,' however, has four separate elements, *all* of which must be satisfied before that doctrine may apply." *Ormsby*, 471 Mich at 59 n 11.[2]

Here, the evidence, viewed in the light most favorable to plaintiff as the nonmoving party, establishes that plaintiff was not injured in the "same" area where employees of two or more subcontractors had worked; rather, he was injured in an area where the employees of only one subcontractor, Leidal & Hart, had worked. Moreover, there is no record evidence that employees of other subcontractors would "eventually" work on the scaffold at that same elevation. Hence, plaintiff was not injured by a danger that was present in a "common" work area, see *Candelaria*, 236 Mich App at 75, and summary disposition in favor of defendants was appropriate.

The majority's contrary conclusion is a step toward imposing strict liability on general contractors for all hazards on construction sites. If the area from which plaintiff fell is a "common" work area, "then virtually no place or object located on the construction premises could be considered not to be a common work area." See *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 8; 574 NW2d 691 (1997) (holding that a porch overhang atop which four roofers worked, all of whom were employees of the same roofing subcontractor, did not constitute a common work area); see also *Ormsby*, 471 Mich at 57 n 9 (quoting the above portion of *Hughes* with approval).

For those reasons, I would affirm.


/s/ Kurtis T. Wilder

---

[2] Indeed, such confusion has led some courts to construe the four elements as representing "a number of different tests for when a common work area exists." See *Smith v BREA Prop Mgt of Michigan LLC*, 490 Fed Appx 682, 685 (CA 6, 2012).